2007 ME 49

**STATE of Maine**

v.

**Jason E. GORNEAULT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 27, 2007.
Decided: April 10, 2007.

in twenty-four (24) months after the date of commencement." Durham, Me., LUO art. IV, § V (1994).

Neale T. Adams, District Attorney, Todd R. Collins, Caribou, for State.

James M. Dunleavy, Dunleavy Law Offices, P.A., Presque Isle, for defendant.

Panel: CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Jason E. Gorneault appeals from a judgment of conviction for operating under the influence (Class C), 29–A M.R.S. § 2411(1–A)(B)(3) (2006), and operating after habitual offender revocation (Class C), 29–A M.R.S. § 2557(2)(B)(2) (2005),[1] entered in the Superior Court (Aroostook County, *O'Mara, J.*) following the entry of his conditional guilty plea to both charges pursuant to M.R.Crim. P. 11(a)(2). Gorneault contends that the court (*Hunter, J.*) erred in denying his motion to suppress evidence because, he argues, the evidence was obtained following an illegal stop of his vehicle. We disagree, and affirm the judgment.

## I. BACKGROUND

[¶ 2] On the evening of May 7, 2005, police responded to a burglary report on West Road in Westmanland, a rural area. One officer sought the public's help by signaling to all passing motorists with a flashlight to stop so that he could briefly inquire of them if they had noticed anything suspicious in the area. At the time, the police knew that the burglary had occurred only thirty minutes to two hours before, and hoped to obtain information quickly.

[¶ 3] The officer stopped every vehicle that passed through the area, including one driven by Gorneault. When the officer approached Gorneault's vehicle, he noticed several indications that Gorneault had been drinking alcohol, and, following the administration of field sobriety tests, arrested Gorneault, who was later charged with operating under the influence (Class C), 29–A M.R.S. § 2411(1–A)(B)(3), and operating after habitual offender revocation (Class C), 29–A M.R.S. § 2557(2)(B)(2). The court (*Hunter, J.*) denied Gorneault's subsequent motion to suppress all evidence obtained as a result of the stop.

[¶ 4] Gorneault entered a conditional guilty plea to both charges pursuant to M.R.Crim. P. 11(a)(2), preserving for appellate review the denial of his motion to suppress. The court (*O'Mara, J.*) sentenced Gorneault to eighteen months incarceration with all but six months suspended, two years of probation, a $2100 fine, and a six-year license suspension for operating under the influence, and a $1000 fine for operating after revocation. Gorneault's appeal followed.

## II. DISCUSSION

[¶ 5] Gorneault argues that the court erred in denying his motion to suppress because his vehicle was stopped by the police without any reasonable articulable suspicion that he had committed a crime. We review the suppression court's determinations of historical facts for clear error, but review the "application of legal principles to those findings independently, ... because we are in as good a position as the trial judge to decide whether those particular facts warrant a legal conclusion." *State v. McCarthy,* 2003 ME 40, ¶ 11, 819 A.2d 335, 339.

[¶ 6] Generally, an investigatory traffic stop is constitutionally legitimate if the officer conducting the stop has "an articulable suspicion that criminal conduct has taken place, is occurring, or imminent-

---

1. Section 2557 has since been repealed and replaced by 29–A M.R.S. § 2557–A (2006). P.L. 2005, ch. 606, §§ A–10, A–11 (effective Aug. 23, 2006).

ly will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances." *State v. Lafond,* 2002 ME 124, ¶ 6, 802 A.2d 425, 427–28 (quotation marks omitted); *see* U.S. CONST. amend. IV; ME. CONST. art. I, § 5.[2] Suppression is not always warranted when police stop a vehicle without reasonable articulable suspicion, however.

[¶ 7] In *Illinois v. Lidster,* 540 U.S. 419, 124 S.Ct. 885, 157 L.Ed.2d 843 (2004), police set up a highway checkpoint at the scene of a hit-and-run accident that had taken place one week earlier to obtain any helpful information from the motoring public. 540 U.S. at 422, 124 S.Ct. 885. As vehicles stopped at the checkpoint, police asked the drivers whether they had seen anything relating to the accident and handed them a flyer seeking assistance in identifying the driver, who had fled the scene of the accident. *Id.* As he proceeded through this checkpoint, Lidster, the defendant, swerved, nearly hitting an officer; he also smelled of alcohol. *Id.* Lidster was arrested and later charged with operating under the influence of alcohol. *Id.*

[¶ 8] The United States Supreme Court upheld the state trial court's denial of Lidster's motion to suppress, noting that in an information-seeking highway stop, the purpose is not to determine whether the vehicle's driver is committing a crime, but rather to seek helpful information in order to apprehend the perpetrator of a specific crime committed by another. *Id.* at 422–23, 124 S.Ct. 885. Because (1) police were seeking information about a specific crime, instead of finding perpetrators of "unknown crimes of a general sort"; (2) police tailored their checkpoint to fit their investigatory needs; (3) the stops were very brief in duration and unlikely to arouse anxiety or alarm; and (4) the police did not act in a discriminatory manner, the Court held that the stop of Lidster did not violate his rights under the Fourth Amendment. *Id.* at 427–28, 124 S.Ct. 885; *see also State v. Moulton,* 1997 ME 228, ¶¶ 2–3, 10, 704 A.2d 361, 362–64 (affirming the denial of a motion to suppress evidence obtained after a police officer approached a vehicle to see if the vehicle was disabled or the driver needed assistance, and subsequently arrested the driver for operating under the influence).

[¶ 9] The circumstances of the brief stop of Gorneault's vehicle and of his subsequent arrest are substantially similar to those in *Lidster.* Police set up a roadside inquiry of every vehicle passing through an area where a crime had recently been committed for the purpose of obtaining information about the crime and its perpetrator. The stop was of very brief duration and unlikely to cause alarm or anxiety, and the questions were limited to those related to the recently committed burglary. The purpose of the brief stop and the inquiry was not to determine if the drivers themselves committed a crime, nor to conduct general crime investigation, but rather was in response to a specific crime committed at a specific time and in a specific location. Gorneault's condition was observed during that brief stop. Accordingly, the Superior Court did not err in denying Gorneault's motion to suppress.

The entry is:

Judgment affirmed.

**2.** "The Fourth Amendment to the U.S. Constitution, and Article 1, Section 5 of the Maine Constitution, offer identical protection against unreasonable searches and seizures." *State v. Patterson,* 2005 ME 26, ¶ 10, 868 A.2d 188, 191.